IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| LAISHUN CARR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| JEFFREY BURNS, Individually and as agent/servant/employee of OAKLEY TRANSPORTATION, INC.; OAKLEY TRANSPORTATION, INC. | ) Court No. |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

NOW COME Defendants, JEFFERY BURNS, incorrectly sued as JEFFREY BURNS, and OAKLEY TRANSPORT, INC., incorrectly sued as OAKLEY TRANSPORTATION, INC. (collectively "Defendants"), by and through their Attorneys, ORLEANS CANTY NOVY, LLC, and pursuant to 28 USC §§ 1332, 1441 and 1446, hereby files its Notice of Removal of the cause entitled *Laishun Carr v. Jeffrey Burns et al.,* filed in The Circuit Court of Cook County, Illinois, County Department – Law Division, under case number 2021L006339. As grounds for removal, Defendants state as follows:

1. On June 21, 2021, Plaintiff, LAISHUN CARR, (hereinafter "Plaintiff"), filed a Complaint at Law in the Circuit Court of Cook County, Illinois, against Defendants. (Plaintiff's Complaint is attached hereto as **Exhibit 1**).

2. Plaintiff's Complaint at Law is an action for civil damages, sounding in negligence, for alleged personal injuries. In his Complaint at Law, Plaintiff seeks an unspecified amount of damages in excess of $50,000.00, which is the jurisdictional minimum to file in the Law Division of the Circuit Court of Cook County, Illinois. Accordingly, it is not facially apparent from Plaintiff's Complaint at Law whether the amount in controversy exceeds the

jurisdictional requirement ($75,000.00) necessary for removal under 28 U.S.C. § 1332. Thus, it was unclear whether this matter was removable at the time Defendants were served with Plaintiff's Complaint at Law.

3. OAKLEY TRANSPORT, INC. was served with a copy of Plaintiff's Complaint at Law on July 9, 2021. (*See* Affidavit of Service attached as **Exhibit** 2). On July 22, 2021, service of summons and Plaintiff's Complaint at Law was waived on behalf of JEFFERY BURNS and an Appearance, and Answers to Plaintiff's Complaint at Law, were filed on behalf of Defendants, respectively, on August 5, 2021. (Copies of Defendants' Appearance and respective Answers are attached hereto as **Exhibit 3**).

4. On information and belief, Plaintiff, LAISHUN CARR, is a citizen of the State of Indiana and was a citizen of the State of Indiana at all relevant times, including at the time Plaintiff commenced his cause of action.

5. Defendant, JEFFERY BURNS, is a citizen of the State of South Dakota and was a citizen of the State of South Dakota at all relevant times, including at the time Plaintiff commenced his cause of action.

6. Defendant, OAKLEY TRANSPORT, INC., is a Florida Corporation, with its principal place of business also in Florida. With regard to citizenship for purposes of diversity jurisdiction for a corporation, it "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 USC § 1332(c)(1). Accordingly, OAKLEY TRANSPORT, INC. is a citizen of the State of Florida and has been a citizen of the State of Florida at all relevant times, including at the time Plaintiff commenced his cause of action. (*See* Florida Secretary of State listing for OAKLEY TRANSPORT, INC. attached hereto and made a part of this Notice as **Exhibit 4**).

7. Consequently, diversity of citizenship exists between Plaintiff and all Defendants.

8. 28 U.S.C. § 1332 provides:

   (a) The District Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between

   (1) citizens of different states;

   (2) citizens of a State and citizens or subjects of a foreign state . . .

9. 28 U.S.C § 1446(b)(3) provides:

   Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

10. 28 U.S.C. §1441 provides:

    Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

11. On August 6, 2021, to ascertain whether the damage amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, Defendants propounded Illinois Supreme Court Rule 216 Requests to Admit upon Plaintiff. (*See* Requests to Admit attached hereto as **Exhibit 5**.)

12. Pursuant to Illinois Supreme Court Rule 216(c), Plaintiff had until September 3, 2021 to respond to Defendants' Requests to Admit, but he failed to timely provide a response, denial, or objection on or before that date. Accordingly, Defendants filed a Motion for Entry of an Order Deeming their Requests to Admit to Plaintiff Admitted. The Court granted Defendants' Motion in an Agreed Order on September 14, 2021. (The Agreed Order is attached as **Exhibit 6**). Further, such Agreed Order contains an averment from Plaintiff, which allowed

3

Defendants to ascertain for the first time that Plaintiff is seeking damages in excess of $75,000.00). (Ex. 6).

13. Thus, consistent with 28 U.S.C. § 1446(b)(3) this Notice of Removal is being brought by Defendants within 30 days of its receipt, through service or otherwise, of a copy of an "other paper" from which it could first be ascertained that this case is one which is or has become removable.

14. Therefore this matter is removable under 28 U.S.C. § 1332, because diversity of citizenship exists between all parties and the amount in controversy exceeds $75,000.

15. Removal to the Northern District Court of Illinois is appropriate under 28 U.S.C. § 1441 as it is the District embracing the place where the action is currently pending.

WHEREFORE, Defendants, JEFFERY BURNS and OAKLEY TRANSPORT, INC file their Notice of Removal, removing the State Court action from The Circuit Court of Cook County, Illinois, County Department – Law Division, to the United States District Court for the Northern District of Illinois.

**Defendants Demand Trial by Jury.**

Dated this 14th day of September, 2021.

    Respectfully submitted,

    JEFFERY BURNS, and OAKLEY TRANSPORT, INC.

    By: /s/ Laura P. Gordon
        One of Their Attorneys

Laura P. Gordon (ARDC# 6294274)
ORLEANS CANTY NOVY, LLC
65 E. Wacker Place, Suite 1220
Chicago, IL 60601
Telephone: (847) 625-8200
Service@ocnlaw.com